IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| GRANGE INSURANCE COMPANY, : <br> : <br> **Plaintiff,** : <br> :    No. 3:22-CV-88 (CAR) <br> v. : <br> : <br> BENSON'S, INC, *et al.,* : <br> : <br> **Defendants.** : <br> : | |

### ORDER ON PILGRIM'S PRIDE CORPORATION'S MOTION TO DISMISS

Plaintiff Grange Insurance Company ("Grange") filed this declaratory judgment action to determine its rights and obligations under an insurance policy issued to Defendant Benson's, Inc. ("Benson's"). Before the Court is Defendant Pilgrim's Pride Corporation's ("Pilgrim's") Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. Having considered the parties' arguments and the relevant law, Pilgrim's Motion to Dismiss [Doc. 53] is **DENIED**.

### BACKGROUND

Grange filed this declaratory judgment action relating to insurance coverage for a lawsuit filed in the Superior Court of Madison County, Georgia, *Adair, et al. v. IsoNova, et al.,* Civil Action File No. 20MV00533 *(*the "Underlying Lawsuit"). Grange issued a Commercial Policy, Policy Number CPP 2761507-02 effective from July 1, 2018 through

1

July 1, 2021 to Benson's (the "Policy").[1] Grange seeks a declaration from the Court as to whether the insurance policy it issued to Benson's affords coverage for the claims asserted and damages sought in the Underlying Lawsuit. All defendants in this action—including Pilgrim's—are parties to the Underlying Lawsuit. Pilgrim's seeks dismissal from this lawsuit, contending the Court lacks subject matter jurisdiction because no justiciable case or controversy exists between itself and Grange, and Grange's Complaint fails to state a claim.

## LEGAL STANDARD

A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and by statute.[2] "It is to be presumed that a cause lies outside [of the federal courts'] limited jurisdiction, and the burden rests upon the party asserting jurisdiction" to establish its existence by a preponderance of the evidence.[3] Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge subject matter jurisdiction on either facial or factual grounds.[4] Here, Pilgrim's has raised a facial attack. A facial attack "require[s] the court merely to look and see if [the] plaintiff has sufficiently

---

[1] Complaint. [Doc. 1] at ¶ 53.
[2] *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1356 (11th Cir. 2021) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).
[3] *Kokkonen*, 511 U.S. 375, 377 (1994); *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).
[4] *Carmichael v. Kellogg, Brown & Root Svcs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citations omitted).

alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purpose of the motion."[5]

B.  Rule 12(b)(6)

On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pled facts in a plaintiff's complaint.[6] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[9]

## DISCUSSION

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[10] To establish a

---

[5] *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (internal quotation omitted).
[6] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[8] *Id.*
[9] *Twombly*, 550 U.S. 544, 556 (2007).
[10] 28 U.S.C. § 2201(a).

justiciable case or controversy, the party seeking a declaratory judgment must show a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant a declaratory judgment.[11]  There is no bright line rule distinguishing declaratory judgment actions that satisfy the Article III case-or-controversy requirement from those that do not.[12]  "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[13]

The "controversy" may not be "'conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of injury.'"[14] "The concept of adverse legal interests requires that there be a dispute as to a legal right, such as an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring, if not for the fact that the declaratory plaintiff had preempted it."[15]

---

[11] *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 512 (1941). *See also Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95, 113 S. Ct. 1967, 1974 (1993) (explaining party seeking declaratory judgment has burden of establishing justiciability).
[12] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).
[13] *Am. Ins. Co. v. Evercare Co.*, 430 F. App'x 795, 798 (11th Cir. 2011) (quoting *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995)).
[14] *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999)).
[15] *Creative Compounds, LLC v. Starmark Labs.*, No. 2010-1445, 651 F.3d 1303 (Fed. Cir. June 24, 2011) (quoting *Arris Grp., Inc. v. British Telecomm. PLC*, 639 F.3d 1368, 1374-75 (Fed. Cir. 2011)).

Pilgrim's contends the Court lacks subject matter jurisdiction because no justiciable case or controversy exists between itself and Grange, and Grange's Complaint fails to state a claim. The Court is unconvinced. Pilgrim's failed to cite to a single case where a district or appellate court found the absence of a justiciable case or controversy in a declaratory judgment action involving co-defendants in an underlying lawsuit. Furthermore, in *Owners Ins. Co. v. Bryant*, the Court held:

> a co-defendant named in an underlying action is a necessary party to a declaratory judgment action between an insurer and an insured. Like an absent tort claimant, an absent co-defendant will be forced to contend with the *stare decisis* effect of a judgment in this case. Furthermore, an absent co-defendant may have an interest in the outcome of the action insofar as the judgment may affect its ability to obtain contribution from an uninsured joint tortfeasor. O.C.G.A. §§ 51-12-31,-32; *see also* Charles R. Adams, Georgia Law of Torts § 1-3.1(f) (2006 ed.) (discussing the effect of the 2005 Georgia Tort Reform Act on joint and several liability and contribution).[16]

Other district courts across the Eleventh Circuit have adopted the same reasoning.[17] The Court finds Grange asserts a proper basis for including Pilgrim's in this

---

[16] *Owners Ins. Co. v. Bryant*, No. 3:05-cv-48 (CAR), 2006 U.S. Dist. LEXIS 1685, at *10-11 (M.D. Ga. Jan. 9, 2006) (citing *Ranger Ins. Co. v. United Housing of New Mexico, Inc.*, 488 F.2d 682, 683 n.3, (5th Cir. 1974)).

[17] *See Owners Ins. Co. v. Sidener*, No. 5:21-CV-8 (MTT), 2022 U.S. Dist. LEXIS 226162, at *9 (M.D. Ga. Dec. 15, 2022) (citing *Ranger*, 488 F.2d 682; *Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 F. App'x 540, 542 (11th Cir. 2005); *Owners*, 2006 U.S. Dist. LEXIS 1685, 2006 WL 50488, at *3 (M.D. Ga. Jan. 9, 2006) ("a co-defendant [in the underlying lawsuit], is a necessary party because it would be bound by the stare decisis effect of a judgment entered by the Court."). *See also Allstate Ins. Co. v. Good*, No. 1:15-CV-0468-AT, 2015 U.S. Dist. LEXIS 180960, at *5-6 (N.D. Ga. July 27, 2015) ("To the extent Barger's argument is premised upon the fact that no contract exists between Barger and Allstate, that argument is trumped by the fact that Barger has an interest in this case. Specifically, the outcome of this case may affect his capacity to obtain contribution in the underlying suit as a co-defendant. Allstate, in turn, has an interest in resolving all claims that Barger might potentially assert in connection with the Goods' insurance policy. […] As Barger's interests may be prejudiced by the failure to include him in this lawsuit and Allstate asserts a proper basis for including Barger in this litigation, Barger is a proper party here. See *Owners Ins. Co. v. Bryant*, 2006 U.S. Dist. LEXIS 1685, 2006 WL 50488 (M.D. Ga. 2006)").

case. Pilgrim's has an interest in the Underlying Lawsuit and the outcome of this action. Additionally, Grange has an interest in resolving all claims that Pilgrim's might potentially assert in connection with the Policy.

For similar reasons, Pilgrim's Motion under 12(b)(6) likewise fails. Grange alleged Pilgrim's is a co-defendant in the Underlying Lawsuit and has a potential financial interest in this case.[18] While Pilgrim's asserts it has not asserted any contribution right against Benson's nor any right under the Policy, "even if the declaratory relief sought by plaintiff hinges on liability that may never actually arise, the Court still has discretion to entertain the present action."[19] Nevertheless, Pilgrims argues O.C.G.A. § 51-12-33 (b) precludes Pilgrim's right to contribution. But, as Grange states in its Response, "a multitude of decisions since the apportionment statute was enacted have continued to hold that the defendants in an underlying lawsuit are necessary parties to a declaratory judgment action."[20]

The Georgia Supreme Court has held "[a]s to contribution, OCGA § 51-12-33 (b) flatly states that apportioned damages 'shall not be subject to any right of contribution,'"

---

[18] Compliant, [Doc. 1] at ¶ 22, 33.
[19] *Owners Ins. Co. v. Advanced Sleep Techs., Inc.*, No. CV 121-086, 2022 U.S. Dist. LEXIS 48688, at *7 (S.D. Ga. Mar. 17, 2022)
[20] Grange's Response, [Doc. 71] at p. 12 (citing *Good,* 2015 U.S. Dist. LEXIS 180960; *Bryant,* 2006 U.S. Dist. LEXIS 1685; *Advanced Sleep Techs.,* 2022 U.S. Dist. LEXIS 48688).

and emphasized that "the statute reiterates this point by saying that damages 'shall not be a joint liability among the persons liable.'"[21] But

> [u]nder OCGA § 51-12-33, the pertinent inquiry is therefore whether fault is capable of division. When fault is divisible and the other requirements of OCGA § 51-12-33 (b) are met, then the trier of fact "shall" apportion. If fault is indivisible, then the trier of fact cannot carry out the statute's directive of awarding damages "according to the percentage of fault of each person" and the apportionment statute does not govern how damages are awarded.[22]

Additionally, "despite the enactment of OCGA § 51-12-33, it is well settled that 'Georgia law continues to recognize two broad categories of indemnity: as created by contract, as between a surety and a debtor; and under the common law of vicarious liability, as between principals and agents.'"[23] Specifically with regard to the latter category, "[i]f a person is compelled to pay damages because of negligence imputed to him as the result of a tort committed by another, he may maintain an action for indemnity against the person whose wrong has thus been imputed to him."[24]

While the Court is skeptical that Pilgrim's would be successful raising a claim for indemnity, the Court cannot conclude as a matter of law that it could not do so. The Underlying Lawsuit concerns the alleged unlawful disposal of hazardous, noxious, and odorous wastes.[25] The complaint in the Underlying Lawsuit does not distinguish the acts

---

[21] *Dist. Owners Ass'n v. AMEC Envtl. & Infrastructure, Inc.*, 322 Ga. App. 713, 715 (2013) (citing *McReynolds v. Krebs*, 290 Ga. 850, 852 (2012)).
[22] *FDIC v. Loudermilk*, 305 Ga. 558, 572, 826 S.E.2d 116, 126 (2019).
[23] *Dist. Owners*, 322 Ga. App. at 715-16 (citations omitted).
[24] *Id*.
[25] *See generally,* Underlying Lawsuit Complaint, [Doc. 1-2].

7

or harms of Pilgrim's, Benson's, and the other "Generator Defendants."[26] It alleges the "Generator Defendants" were negligent and, as a result, "made substantial monetary gains by paying the Smith Defendants reduced fees for waste disposal than would have otherwise been paid for waste disposal performed with reasonable and due care."[27] Thus, viewing facts in the light most favorable to the non-moving party, the Court concludes Grange is a proper party and agrees there is a possibility a fact finder could find the defendants' alleged fault to be indivisible or sufficiently intertwined to impute liability.

## CONCLUSION

For the reasons set forth above, Pilgrim's Motion to Dismiss [Doc. 53] is **DENIED**. Pilgrim's Motion to Stay Discovery [Doc. 97] is **DENIED as MOOT**.

**SO ORDERED,** this 21st day of March, 2023.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[26] *Id*.
[27] *Id*. at p. 9-11.

8